### NEW ORLEANS INSURANCE CO. *v.* BERKSON BROTHERS.

Although the action of nullity may lie, in some cases outside of those specially enumerated in the Code, where equity demands absolutely the granting of relief in such form ; yet such action of nullity will not be tolerated, where the party complaining could have attained justice by means of an appeal.

*Appeal from the Parish of St. Landry. Hudspeth, J.*

*Martel & Tansey* for plaintiff and appellee.

*Henry L. Garland* for defendants and appellants.

MOORE, J.—This is a suit to annul and avoid a judgment rendered in favor of defendants against the plaintiff Company, as garnishee, in a suit entitled Berkson Bros. vs. S. R. Walker, No. 12,882 of the docket of the District Court.

The judgment rendered in said suit was for $231.44, with legal interest thereon, from the 3d of March, 1880, and costs. It was rendered against the plaintiff Company, as garnishee, and the defendant, S. R. Walker, and signed by the Judge of the District Court on the 28th day of May, 1881.

From this judgment *none* of the parties, against whom it was rendered, appealed, although plaintiff in this suit was duly notified of its rendition on the 13th of June, 1881.

It has therefore become final.

The defendants in the present suit filed in the court *a qua* the exception, " that the matters at issue in this case have been finally passed upon in said suit of Berkson Brothers vs. S. R. Walker et al., that the only remedy of said Insurance Company, to which it was entitled for relief against said judgment, was a new trial, or an appeal.

" That said plaintiff Company has no right of action to annul said judgment."

This exception was referred to the merits, and after trial, judgment was rendered in favor of the plaintiff Company, annulling and avoiding said judgment against it, in so far as it is concerned.

The defendants have appealed.

We are of opinion that the plaintiff Company should have sought relief against the judgment rendered against it, and which it seeks in this action to annul, by an appeal. We do not think that it has selected the proper remedy. No grounds for the action of nullity are shown to exist. This exception should have been sustained. 1 R. 523; 6 An. 250, 799; 9 An. 198, Gilmore vs. Gilmore; 23 An. 146; 27 An. 36-7; 31 An. 582. The action of nullity should have been dismissed.

It is therefore ordered, adjudged and decreed, that the judgment of the court *a qua* be reversed and avoided.

It is further ordered that plaintiff pay costs in both courts.

---

ON APPLICATION FOR A REHEARING.

MOORE, J. The plaintiff in this case has filed an application for a rehearing, on the grounds that the judgment rendered by us is contrary to law and the evidence.

It has failed to indicate to us in its application the points of error in our opinion of which it complains, or to furnish us with any authorities supporting its application, or the grounds upon which it is based.

Notwithstanding this, we have carefully reviewed the opinion rendered by us and the authorities upon which it is based, in order to ascertain whether there is error therein or not.

Insuranoe Co. vs. Berkson Brothers.

In the case cited by us, entitled Chinn vs. The First Municipality of New Orleans, which was an action of nullity of a judgment rendered by the District Court, the Supreme Court says : " Where a judgment has been obtained against a party, in a case not *expressly included* among those in which the Code of Practice prescribes that an action of nullity will lie, and he shows that he will sustain real injury unless he can obtain relief, which cannot be had on appeal, * * * relief may be granted, * * * but *not unless applicant* state particularly and specially the nature of the defence, etc., *and prove that he has been guilty of no laches.*"

In the case of Bird vs. Cain, 6 An. 250, which was a suit wherein plaintiff, against whom a judgment *had been rendered as garnishee*, sought to annul said judgment and enjoined its execution, the Supreme Court uses the following language: " Being of opinion that there was no irregularity in the proceedings which can be reached by an action of nullity, and that the parties should have sought relief, if any they were entitled to, by *an appeal*, the judgment in this cause must be reversed."

In the case reported in 23 An., page 146, the Court says: " It has been often held that a judgment may be annulled upon equitable grounds, *in case an appeal* would have afforded no remedy, * * * *and the party has been guilty of no laches.*"

In 27 An. at page 37, which was also an action of nullity, the Court uses the following language: "After examining the case, we find the plaintiffs have mistaken their remedy. It was an appeal. Their main defence to the suit was that the tacit or legal mortgage set up was not inscribed prior to January, 1870. On this point the evidence is as ample in the original suit as in the present action. Relief was *therefore attainable by appeal;* consequently, an action of nullity will not lie."

We think the plaintiff should have appealed. It had ample time and opportunity for doing so, and was guilty of laches in not doing so, within the time prescribed by law.

Rehearing is therefore refused.